UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OLGUENS AZOR                                          CIVIL ACTION

VERSUS                                                NO: 18-12688

ALLSTATE PROPERTY &                                   SECTION: "A" (5)
CASUALTY INSURANCE CO., ET
AL.

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 18)** filed by plaintiff Olguens Azor. Defendant Allstate Property and Casualty Insurance Co. opposes the motion. The motion, noticed for submission on June 26, 2019, is before the Court on the briefs without oral argument.

This is an auto collision accident that resulted in minor injuries to Plaintiff. Plaintiff initiated this suit in state court against Allstate, Jennifer McKay, and Edward McKay, Jr. Allstate removed the suit alleging diversity jurisdiction. Plaintiff moves to remand the case to state court arguing that Allstate has failed in its burden of establishing that the amount in controversy exceeds $75,000 or that the parties are completely diverse in citizenship.[1]

---

[1] As to whether the amount in controversy requirement is satisfied, Plaintiff relies heavily on the fact that the total of all insurance available for the accident is only $25,000. Allstate is correct in pointing out that it is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. *See, e.g., Bush v. State Farm Fire & Cas. Co.*, No. 07-7253, 2007 WL 4259501 (E.D. La. Dec. 3, 2007).

1

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. The petition offers no specifics whatsoever that

2

would allow the Court to reasonably infer that the amount in controversy exceeds $75,000.

In order to support the propriety of removal Allstate alleges in the notice of removal that Plaintiff's treating physician's medical records indicate that Plaintiffs has some disc issues that may be causally related to the accident. The Court has reviewed these allegations and is not persuaded that they establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 18)** filed by plaintiff Olguens Azor is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

June 26, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE